Daniel C. Green (ISB No. 3213)
Heidi Buck Morrison (ISB No. 9396)
RACINE OLSON PLLP
P.O. Box 1391
Pocatello, Idaho 83204-1391
Telephone: (208) 232-6101
Fax: (208) 232-6109
dan@racineolson.com
heidi@racineolson.com

Attorneys for *Gary L. Rainsdon*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MIKE TERANCE TRACY and JULIA SCYSILLIA NELSIONI,<br><br>Debtors. | Case No. 20-40074-JMM<br>(Chapter 7) |

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO CONVERT TO CHAPTER 13**

Gary L. Rainsdon, the Chapter 7 trustee ("Trustee"), hereby objects to the Motion filed by Mike Terance Tracy (the "Debtor" or "Tracy") to convert the chapter 7 case to a case under chapter 13 (Dkt. 81). The Trustee's Objection is based upon the following:

**I.
FACTS**

1.  Mike Terance Tracy and Julia Scysillia Nelsioni a/k/a Julia Scysillia Nelsioni-Hyde a/k/a Julie L. Nelson ("Co-Debtor" or "Nelsioni") (collectively the "Debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 28, 2020 (the "Petition Date").

2.  The first meeting of creditors was originally scheduled to be held on March 9, 2020. At that time, the Trustee requested that certain documents and other information ("Documents") be provided to the Trustee. The first meeting of creditors was continued to May 4, 2020, to provide

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO CONVERT TO CHAPTER 13 – Page 1**

the Debtors an opportunity to provide the Documents to the Trustee. *See* Declaration of Gary L. Rainsdon ("Rainsdon Decl.").

3. At the continued meeting of creditors on May 4, 2020, the Debtors failed to provide the Trustee with the Documents, and the first meeting of creditors was continued again to May 26, 2020. *Id.*

4. As a result of the Debtors' continued failure to provide the information requested by the Trustee, the first meeting of creditors was continued five additional times to June 8, 2020, June 26, 2020, July 10, 2020, August 10, 2020, August 31, 2020, and is currently scheduled for September 25, 2020. *Id.*

5. On March 16, 2020, the Trustee filed a Motion for Turnover of Property and Records (Dkt. 21). The Court entered an Order granting the Trustee's Motion on April 14, 2020 (Dkt. 29). The Debtors subsequently filed a Motion to set the order aside (Dkt. 51). Following a hearing, the Court denied the Debtors' Motion (Dkt.75).

6. On June 24, 2020, the Trustee filed a second Motion for Turnover of Property and Records (Dkt. 61). The Court entered an Order granting the second Motion for Turnover on July 29, 2020 (Dkt. 70).

7. The Debtors have failed to surrender to the Trustee any of the documents and property as ordered by the Court. *See* Rainsdon Decl.

8. The Debtors' schedules fail to identify all of the Debtors' property, including all firearms.[1] *Id.*

---

[1] The Debtors' Schedules filed on January 28, 2020, (Doc. 1 p. 14 of 73) reflect that Debtors own a .2 Rifle and a 338 Rifle. The Trustee learned that Debtors have an interest in 23 firearms not identified in their schedules (Doc. 29).

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO CONVERT TO CHAPTER 13 – Page 2**

9. The Debtors' Statement of Financial Affairs filed on January 28, 2020, failed to identify the transfer of certain real property by the Debtors to Tracy's parents shortly before the Petition Date. (Dkt. 1, p. 58 of 73).[2]

10. The Debtor's Statement of Financial Affairs fails to identify transfers of firearms to their son.

11. The Documents requested by the Trustee are necessary to determine if there are additional undisclosed assets and transfers that may be avoidable by the Trustee. *Id.*

## II.
## ARGUMENT

The Motion to Convert the case from chapter 7 to 13 was filed only by Tracy but was not joined by Tracy's wife and co-debtor Nelsioni. Nelsioni filed a separate motion for dismissal from the chapter 7 case. (Dkt. 80). The Debtor's Motion to Convert indicates that it is brought pursuant to 11 U.S.C. § 1307(a). However, this section permits a debtor to convert a case from chapter 13 to chapter 7 and is not applicable here.

Presumably, the statutory basis for the Motion to Convert is 11 U.S.C. § 706(a). That section provides that the debtor may convert a case under chapter 7 to a case under chapter 13 at any time, if the case has not been converted under §§ 1112, 1208, or 1307. However, conversion is not absolute and the bankruptcy court has discretion to deny a debtor's motion to convert under § 706(a) if the court finds that the debtor is attempting to convert in bad faith (*Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2nd 956 (2007)). In *Marrama*, the chapter 7 debtor filed misleading or inaccurate statements and schedules which omitted the transfer of his home within one year of filing. Before attempting to convert the case to chapter 13, the debtor admitted that the purpose of transferring his home within one year of filing was to protect his

---

[2] After the Trustee discovered the Gift Deed, the Debtors amended their Statement of Financial Affairs to reflect the transfer. (Dkt. 39, p. 9 of 11).

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO CONVERT TO CHAPTER 13 – Page 3**

property from creditors. On these facts, the bankruptcy court denied the debtor's motion to convert to chapter 13, and the supreme court affirmed.

In determining whether bad faith exists, courts may consider both pre-petition and post-petition acts. (*In re Copper*, 426 F.3d 810, 813 (6 Cir. 2005)). Here, the Debtors' conduct in failing to disclose all of their assets, failing to disclose transfers which may be avoidable by the Trustee, and failure to comply with Court Orders is sufficient to support the Court denying the Motion to Convert the chapter 7 case to a chapter 13.

Moreover, the Debtor has not provided any specific indication of why a chapter 13 case would be in the best interest of creditors rather than to complete the liquidation of assets and the payment of claims.

In the present case, it is also unclear how the Debtor anticipates funding a chapter 13 plan, including satisfying the administrative expenses of the chapter 7.

WHEREFORE, it appears that the Debtor's motive in converting the chapter 7 case to chapter 13 is to avoid turning assets over to the Trustee, including firearms, and to prevent the Trustee from avoiding transfers to family members, the Trustee respectfully requests the Court enter an Order denying Mike Tracy's Motion to Convert to Chapter 13.

DATED this 4th day of September, 2020.

                              RACINE OLSON, PLLP

                              By: /s/ Daniel C. Green
                                  DANIEL C. GREEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of September, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

ASchild Atlas Acquisitions LLC
bk@atlasacq.com

John O Avery
ch@averylaw.net
twinfalls@averylaw.net
ryan@averylaw.net
averybklaw@gmail.com
boise@averylaw.net
pocatello@averylaw.net
lawar78055@notify.bestcase.com

Gary L Rainsdon
trustee@filertel.com
id12@ecfcbis.com
lori@filertel.com
cblackburn@filertel.com
jhancock@filertel.com

Paul Ross
paul@idbankruptcylaw.com

Craig W Simpson
csimpson905@westmark.org
podell086@westmark.org

Lewis Nishioka Stoddard
lewis@hwmlawfirm.com
judianne@ecf.courtdrive.com
meghan@hwmlawfirm.com
jessica@hwmlawfirm.com

US Trustee
ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via U.S. Mail, First-Class, postage prepaid and addressed as follows:

Mike Terance Tracy
1467 S. 2175 E.
Malta, ID 83342

Julia Scysillia Nelsioni
1467 S. 2175 E.
Malta, ID 83342

Capital One Auto Finance,
a division of Capital One, N.A.
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

U.S. Auction LLC
Po Box 55
Heyburn, ID 83336

/s/ Daniel C. Green
DANIEL C. GREEN

**CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION TO CONVERT TO CHAPTER 13 – Page 5**