Jason R. Naess, ISBN 8407
Assistant United States Trustee
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO**

| In re:<br><br>MIKE TERANCE TRACY and JULIA SCYSILLIA NELSIONI,<br><br>                         Debtors. | Case No. 20-40074-JMM<br>Chapter 7 |
|---|---|

**ACTING UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO CONVERT TO CHAPTER 13**

      Gregory M. Garvin, the Acting United States Trustee ("United States Trustee"), by and through his attorneys, hereby objects to Debtors' Motion to Convert to Chapter 13 (the "Motion"), Dkt. No. 81. The United States Trustee objects to the Motion for the following reasons:

      1.     The Motion provides: "Mike Tracy . . . hereby moves to convert *their* case from Chapter 7 to Chapter 13, pursuant to 11 U.S.C. 1307(a)."  Dkt. No. 81 (emphasis added). Debtors are married. *See* Dkt. No. 1, Statement of Financial Affairs, Part 1. They filed a joint case. Dkt. No. 1. While Debtor Mike Tracy has included his name in the caption to the Motion, and indicates he wishes to convert he and his wife's case to chapter 13, his wife has filed

1

a separate Co-Debtor's Motion to Dismiss, seeking to dismiss her from the bankruptcy case altogether. *Compare* Dkt. No. 80 *with* Dkt. No. 81. This apparent diversion of interests between husband and wife creates a conflict of interest for counsel attempting to represent wife in her attempts to be dismissed from the bankruptcy case while also representing Mike Tracy, apparently separately from his wife, in his sole attempts to convert ***their*** chapter 7 case to chapter 13. The United States Trustee objects to the Motion because at least one of the Debtors does not consent to conversion.

As indicated below, the United States Trustee questions the Debtor's choice of Code sections on which the Motion is based. If the Debtors had moved for conversion under § 706(a) rather than § 1307(a), that change only highlights the United States Trustee's concerns. With a § 706(a) motion, the Court would have to consider § 706(c), which prohibits the conversion of a case to chapter 13 "unless the debtor requests or consents to such conversion." Debtor Julia Nelsioni has not consented to conversion. *See* Dkt. No. 80.

2.      Section 1307(a), the Code section cited by Debtor Mike Tracy as the basis for his Motion, does not allow for the conversion of a chapter 7 case to chapter 13, but rather provides:

> The [chapter 13] debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

The language of § 1307(a) simply does not provide for the relief being sought by Debtor.

3.      Even if Debtor Mike Tracy had moved for conversion under § 706(a), conversion to a chapter 13 is not appropriate in this case. Debtor has not complied with Court orders in his chapter 7 case, has concealed property from his chapter 7 trustee during the seven (7) months the case has been pending, and has made a false oath or account in his initial bankruptcy schedules

2

by omitting assets. Debtor has never amended his schedules to include additional assets he has stated that he owns during § 341 meetings of creditors and has not turned those assets over to the chapter 7 trustee, in disregard for his duties under § 521(a)(1) and (4).

Under § 706(a), a debtor may convert a chapter 7 case to chapter 13. At the same time, a chapter 7 case may not be converted to chapter 13 if a debtor may not be a chapter 13 debtor. § 706(d). In determining whether a debtor may be a debtor under chapter 13 for the purposes of § 706, a court may consider the provisions of § 1307(c). *See Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 372-76 (2007). Under § 1307(c), if "cause" exists, the Court may convert or dismiss a chapter 13 case, whichever is in the best interests of creditors and the estate. While § 1307(c) identifies a non-exhaustive list of potential causes, the Court has authority under § 1307(c) and § 105(a) to find cause where, among other things, there has been an abuse of the bankruptcy system. *Marrama*, 549 U.S. at 374-76. "'For cause' is an expansive standard and many different findings could lead to a dismissal for cause." *In re Santos*, 561 B.R. 825, 829 (C.D. Cal. 2017) (citations omitted). A finding that cause exists under § 1307(c) "is tantamount to a ruling that the individual does not qualify as a debtor under chapter 13." *Marrama*, 549 U.S. at 374. In other words, if cause would exist to convert or dismiss a case from chapter 13 for cause, the case should not be converted to chapter 13 from chapter 7 in the first place.

Debtors' non-compliance with the Court's orders and their other duties as chapter 7 debtors would be sufficient abuse of the bankruptcy system to rise to the level of cause sufficient to dismiss convert their case from chapter 13, and the conversion of their case from chapter 7 to chapter 13 is inappropriate.

WHEREFORE, the United States Trustee requests the Court deny the Motion.

Date:  September 8, 2020 　　　　　　　　GREGORY M. GARVIN
　　　　　　　　　　　　　　　　　　　　Acting United States Trustee


　　　　　　　　　　　　　　　　By: /s/ Jason R. Naess
　　　　　　　　　　　　　　　　　　JASON R. NAESS
　　　　　　　　　　　　　　　　　　Jason.R.Naess@usdoj.gov


### CERTIFICATE OF SERVICE

　　　I HEREBY CERTIFY that on September 8, 2020, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

ASchild Atlas Acquisitions LLC　　　bk@atlasacq.com

John O Avery　　ch@averylaw.net; twinfalls@averylaw.net; ryan@averylaw.net; averybklaw@gmail.com; boise@averylaw.net; pocatello@averylaw.net; lawar78055@notify.bestcase.com

Gary L Rainsdon　　　trustee@filertel.com id12@ecfcbis.com lori@filertel.com cblackburn@filertel.com jhancock@filertel.com

Paul Ross　　　paul@idbankruptcylaw.com

Craig W Simpson　　　csimpson905@westmark.org podell086@westmark.org

Lewis Nishioka Stoddard　　　lewis@hwmlawfirm.com; judianne@ecf.courtdrive.com; meghan@hwmlawfirm.com; jessica@hwmlawfirm.com

US Trustee　　　ustp.region18.bs.ecf@usdoj.gov

Any other CM/ECF participants not reflected herein


Date: September 8, 2020
　　　　　　　　　　　　　　　　　　/s/ Jason R. Naess
　　　　　　　　　　　　　　　　　　JASON R. NAESS

4