**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
kam@kam13trustee.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

IN RE:

**Mike Terance Tracy**

CHAPTER 13

CASE NO.  20-40074-JMM

<u>TRUSTEE'S MOTION TO RE-CONVERT CASE TO CHAPTER 7</u>

  NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idah and for her Motion to Re-Convert Case to a Chapter 7 states as follows:

  1.  Debtor and his spouse filed this case as a Chapter 7 on January 28, 2020.  Shortly thereafter the Chapter 7 Trustee filed a motion for Turnover and an Application to employ Counsel to represent him in the Chapter 7 proceeding.

  2.  The Chapter 7 Trustee determined that there were non-exempt assets available to be liquidated on behalf of the unsecured creditors.  On April 14, 2020 an order for Turnover was entered by this court dkt no. 29 and the Chapter 7 trustee filed an Application to employ an auctioneer.  An amended motion for turnover was filed and a subsequent order to turnover was entered on July 29, 2020.  On information and belief, Chapter 13 Trustee believes that the Debtors failed to comply with the turnover order.

  3.  The chapter 13 Trustee also contends that a fraudulent transfer of a parcel of Debtors' real property was made to Mike Tracy's father.  This issue is subject to a pending adversary proceeding case no. 22-08005.

  4.  The Chapter 7 Trustee subsequently filed four motions to delay discharge and a motion to extend time to file a complaint to object to a discharge.  The United States Trustee

filed four motions to extend the time to object to a discharge. All nine of these motions were granted.

    5. Debtor subsequently filed a motion to convert his case to a chapter 13 proceeding and his spouse, Julia Scysillia Nelsioni, filed a motion to dismiss. Julia Scysillia Nelsioni's motion to dismiss was subsequently denied.

    6. Mr. Tracy later filed a motion to bifurcate his case from his spouse, Julia Scysillia Nelsioni.

    7. On March 22, 2021 the Court entered an order denying Julia Scysillia Nelsioni a discharge pursuant to 11 U.S.C. Section 727(a)(4) and (6).

    8. As to Mr. Tracy's motion to convert to a chapter 13, the parties subsequently reached an agreement that resulted in the cases being bifurcated and an Order was entered converting Michael Tracy's case to a Chapter 13 on April 15, 2021.

    9. This case has been pending as a Chapter 13 proceeding since April 15, 2021 however, Mr. Tracy has not proposed a confirmable plan. Confirmation of Debtor's Second Amended Plan (dkt no. 257) was denied on February 15, 2022. Debtor was given until March 18, 2022 to file an amended plan. As of today's date, no amended plan has been filed. Said delay is unreasonable and is prejudicial to creditors.

    10. Debtor does not have the ability to propose a confirmable plan that will pay the priority, administrative and secured claims at his current rate of income. Per Debtor's most recent schedule I and J filed on September 17, 2021, he has disposable income of only $1,850 per month. Secured claims have been filed in the amount of $45,042.79 and administrative and priority claims total $84,288.62. Plan payments would need to increase to $2620 per month in April 2022 in order to fund a confirmable plan (not including any attorney's fees if any are awarded) plus Debtor would need to cure the current default in plan payments in the amount of $5152.

    11. Trustee has carefully reviewed Debtor's petition, schedules and amended schedules and cannot envision the Debtor having the ability to propose a confirmable plan unless he surrenders his interest in his real estate and locates a place to rent for less money than he is paying for his current mortgage. Plan payments could not be less than $1991 per month commencing in April 2022 and the mortgage default would need to be removed from the plan.

12. While a Chapter 13 bankruptcy case would be in Debtor's best interest to repay his priority debt, it simply isn't feasible for Mr. Tracy at this time. Should Mr. Tracy desire to file a plan to surrender his house and pay the priority debt or he has a significant increase in his income, the Trustee is available in her Meridian office to assist the Debtor, but without those changes this case must be reconverted to a chapter 7 proceeding so a Chapter 7 Trustee can be appointed to administer the assets and voidable transfers in this case.

WHEREFORE, the Trustee prays that Debtor's case be reconverted to a Chapter 7 proceeding pursuant to 11 USC § 1307(c).

DATED: March 30, 2022        /s/ Kathleen McCallister
                             **Kathleen McCallister, Trustee**

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 30, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

**Mike Terance Tracy**
PRO SE


**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**Mike Terance Tracy**
**1467 S. 2175 E.**
**Malta, ID 83342**

/s/ Kathleen McCallister
**Kathleen McCallister, Trustee**