UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| IN RE:<br><br>Mike Terance Tracy,<br><br>Debtor(s). | CHAPTER 13<br><br>Case No. 20-40074-JMM |
|---|---|

## ORDER CONFIRMING CHAPTER 13 PLAN

IT HAVING BEEN DETERMINED AFTER NOTICE AND HEARING THAT:

    1. The chapter 13 plan, Docket No. 293, complies with the provisions of 11 U.S.C. § 1325.

    2. Debtor(s) filed all state and federal tax returns required by law to be filed for all taxable periods ending the 4-year period prior to the filing of this bankruptcy.

    3. Debtor(s) have paid all domestic support obligations, as defined in 11 U.S.C. § 101(14A), that first became due and payable after the filing of this bankruptcy which they were required to pay by a judicial or administrative order or by statute.

    IT IS HEREBY ORDERED THAT:

The chapter 13 plan is confirmed, and related motions contained therein are granted, incorporating the following:

a. With regards to Provision 6 in ¶ 8.1 of Debtor's plan, in the event the 1.01-acre lot located at 1567 S. 2175 E. Malta, Idaho ("the Lot") is not sold by August 1, 2023, Trustee shall have the option to employ a realtor and market and sell the Lot. In the event the Lot sale does not generate at least $50,000 in net proceeds to be paid into the plan, Debtor shall increase his plan payment by the sum sufficient for the trustee to pay all allowed secured claims and allowed unsecured priority claims in full, including the IRS, ISTC, Gary Rainsdon, Racine Olsen, and Dr. Kunau.

b. Notwithstanding ¶ 7.1 to the contrary, Debtor's interest in the 1.01-acre lot located at 1567 S. 2175 E. Malta, Idaho shall not revest in the Debtor upon confirmation but shall remain property of the estate until it is sold to satisfy the provisions of Debtor's plan.

c. Notwithstanding Provision 3 in ¶ 8.1 of Debtor's plan which proposes to pay *Dr. Kunau* a total claim of $17,660.38 of which $17,287.44 shall be secured and $372.94 shall be unsecured priority claim, per the Court's Memorandum Decision entered September 9, 2021 and Order Disposing Trustee's Objection to Claim entered September 17, 2021, the secured portion shall be $17,387.44 and the unsecured priority claim shall be $272.94. The creditor shall still receive the total claim amount of $17,660.38.

d. Idaho State Tax Commission's objection to confirmation, Docket No. 263, was resolved by the amended plan which will pay the priority tax claim in full.

e. The Internal Revenue Service's (the IRS) objection to confirmation, Docket No. 268, was resolved by the amended plan which will pay the priority tax claim in full. The IRS claim, Claim No. 24, was filed by Debtor. Debtor filed an amended income tax return for the tax year ending December 31, 2018. The amended 2018 return has not yet been processed by the IRS. When the amended return is fully processed, the claim for the IRS may need to be amended and IRS is permitted to do so. In the event that the IRS is unable to file an amend the claim through PACER, Debtor shall work with the IRS and file an amended claim to the satisfaction of IRS. Alternatively, the IRS is allowed to file a motion to *amend* the claim.

f. Debtor currently has a child support obligation of $779 per month which is deducted from his wages, as reflected on his Schedule I. Debtor anticipates his child support obligation increasing to approximately $1,404 per month and has therefore included on his Schedule J an additional $625 expense to cover the difference. Debtor shall segregate and keep said $625 per month separate from other funds until it has been determined *by the State Court* that his child support obligation did or did not in fact increase as anticipated. Upon request from the trustee, Debtor shall account for these funds and their disposition within 21-days of such a request. Failure to account for said funds, or disposing of them in any manner not authorized herein shall be grounds to reconvert Debtor's case to Chapter 7.

g. Debtor is currently in the process of *pursuing* a child support modification with the help of family law counsel. Debtor has included on his Schedule J a $500 expense to cover the legal fees associated with the child support modification. Upon request from the trustee, Debtor shall account for these funds and their disposition within 21-days of such a request. Failure to account for said funds, or disposing of them in any manner not authorized herein shall be

grounds to reconvert Debtor's case to Chapter 7. The portion of said funds not used toward Debtor's legal fees associated with the child support modification shall be turned over to the trustee for disbursement to Debtor's unsecured creditors. If the family law issues are resolved during the term of the plan, once Debtor's family law counsel is paid in full, then the plan payments will increase by the amount allocated for that expense.

h.  To the extent Debtor's child support does not increase to $1,404, Debtor is permitted to use only the surplus from the $625 per month expense toward his legal fees associated with the child support modification. Any surplus not used toward such purpose shall be turned over to the trustee for disbursement to Debtor's unsecured creditors.

i.  Through the month of August 2022, Debtor has a plan default of $4,222. Beginning with the payment due in September 2022, in addition to his regular monthly plan payments, Debtor will pay an additional $260 per month (a "Cure Payment"), each month until the plan default is paid in full. Said Cure Payment shall be in addition to Debtor's regular monthly plan payment.

DATED: September 12, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

The Court corrected typos in subparagraphs c, e and subparagraph g and added words in subparagraph f. The corrected words and added words are identified in *italics*.

/s/Kathleen McCallister, Trustee

/s/Bill Humphries for Internal Revenue Service

/s/Paul Ross for Nancy Kunau

/s/Eric Mahler for Idaho State Tax Commission

/s/Mike Terance Tracy, Debtor